IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

MICHAEL DON UNRUH,

                Plaintiff,

    v.                            CASE NO. 12-3057-SAC

TONI (lun),

                Defendant.

MEMORANDUM AND ORDER

This matter is before the court on a civil action alleging a violation of constitutional rights. Plaintiff is detained in the Larned State Hospital (LSH) under a civil commitment. He proceeds pro se, and the court grants leave to proceed in forma pauperis.

Plaintiff alleges a violation of his rights under the First Amendment. He claims the defendant, an employee of the LSH, violated his rights by telling him he may use computers at the facility while telling others he may not and by questioning him about whether he had been in the medication line when she knew that to be the reason for his late arrival to the line for class. Plaintiff seeks damages, costs, and the termination of the defendant from her employment.

### Discussion

Because plaintiff proceeds *pro se,* the court liberally construes his pleadings. *Northington v. Jackson,* 973 F.2d 1518, 1520-21 (10th Cir.1992). The court nevertheless must review the complaint for legal sufficiency. 28 U.S.C. § 1915(e).

Under § 1915(e), the court must dismiss a complaint if it finds

the action (1) is legally frivolous or malicious, (2) fails to state a claim upon which relief may be granted or (3) seeks monetary relief from a defendant who is immune from suit. 28 U.S.C. §1915(e)(2). In this context, the term "frivolous" means the complaint rests upon an "inarguable legal conclusion" or "fanciful factual allegation." *Neitzke v. Williams,* 490 U.S. 319 (1989).

The requirement of liberal construction in a *pro se* plaintiff's complaint means that where the court can reasonably read the complaint "to state a claim on which the plaintiff could prevail, it should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Hall v. Bellmon,* 935 F.2d 1106, 1110 (10th Cir. 1991).

Plaintiff broadly asserts a violation of the First Amendment, a claim that concerns the conditions of his confinement. Because plaintiff is confined under a civil commitment, such claims are governed by the Due Process Clause. *See Olsen v. Layton Hills Mall*, 312 F.3d 1304, 1315 (10th Cir. 2002). However, while plaintiff's rights are secured by the Fourteenth Amendment, the courts apply the identical analysis used in cases arising under the Eighth Amendment for evaluating claims of unconstitutional conditions of confinement. *See McClendon v. City of Albuquerque*, 79 F.3d 1014, 1022 (10th Cir. 1996). Under that standard, officials must provide "humane conditions of confinement by ensuring inmates receive the basic necessities of adequate food, clothing, shelter, and medical care and by taking reasonable measures to guarantee ... safety." *Barney*

*v. Pulsipher*, 143 F.3d 1299, 1310 (10th Cir. 1998).

To prevail on a claim alleging unconstitutional conditions of confinement, a plaintiff must show that the defendant officials acted with deliberate indifference. *See Farmer v. Brennan*, 511 U.S. 825 (1994)(explaining deliberate indifference standard).

To establish the defendants' liability under this standard, plaintiff must show both that defendants "kn[ew] of and disregard[ed] an excessive risk to [his] health and safety," *Farmer,* 511 U.S. at 837, and that the alleged deprivation was "sufficiently serious." *See Wilson v. Seiter,* 501 U.S. 294, 298 (1991).

Not every inconvenience or discomfort that occurs during a lawful detention implicates the Constitution. Rather, "only those deprivations denying the minimum civilized measure of life's necessities ... are sufficiently grave" to establish a constitutional violation. *Seiter, id.*

"[A]s a general matter, the First Amendment means that government has no power to restrict expression because of its message, its ideas, its subject matter, or its content." *United States v. Stevens,* --- U.S. ----, ----, 130 S.Ct. 1577, 1584 (2010) (quoting *Ashcroft v. A.C.L.U.,* 535 U.S. 564, 573 (2002)).

Here, the court has reviewed plaintiff's claims, giving due deference to his status as a pro se litigant, and finds the allegations do not reasonably support a First Amendment claim. While plaintiff expresses frustration with the defendant, there is no showing of any grave injury arising from confusion whether he may or may not use the computers in the facility, and even if the defendant

3

knew of the reason for plaintiff's tardiness to the line for class, plaintiff suffered no serious deprivation as a result of defendant's conduct.  The court therefore concludes this matter is properly dismissed as legally frivolous under 28 U.S.C. § 1915(e).

IT IS, THEREFORE, BY THE COURT ORDERED this matter is dismissed as legally frivolous.

IT IS FURTHER ORDERED plaintiff is granted leave to proceed in forma pauperis.

IT IS FURTHER ORDERED plaintiff's motion for order (Doc. 2) and motion to appoint counsel (Doc. 3) are denied.

A copy of this order shall be transmitted to the plaintiff.

**IT IS SO ORDERED.**

DATED:  This 24th day of April, 2012, at Topeka, Kansas.


S/ Sam A. Crow
SAM A. CROW
U.S. Senior District Judge